IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Bernard Sandrew, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  14 C 2953 |
| | ) | |
| Firstsource Advantage, LLC, a New York limited liability company, | ) ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Bernard Sandrew, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Bernard Sandrew ("Sandrew"), is a citizen of the State of Florida, from whom Defendant attempted to collect a delinquent consumer debt that he allegedly owed for an American Express account, despite the fact that he had exercised his rights to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Firstsource Advantage, LLC ("Firstsource"), is a New York corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Firstsource operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Firstsource was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Firstsource is authorized to conduct business in the State of Illinois, and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Firstsource conducts business in Illinois.

6. Moreover, Defendant Firstsource is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Firstsource acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Mr. Sandrew is a senior citizen, with limited assets and income, who fell behind on paying his bills, including one he allegedly owed for an American Express account. When Firstsource began trying to collect the American Express debt from Mr. Sandrew, by sending him a collection letter, dated August 22, 2013, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant Firstsource's collection actions. A copy of Firstsource's August 22, 2013 letter is attached as Exhibit C.

8. Accordingly, on September 18, 2013, one of Mr. Sandrew's attorneys at LASPD informed Firstsource, in writing, that Mr. Sandrew was represented by counsel, and directed Firstsource to cease contacting him, and to cease all further collection activities because Mr. Sandrew was forced, by his financial circumstances, to refuse to pay his unsecured debts. Copies of this letter and fax confirmation and are attached as Exhibit D.

9. Nonetheless, Defendant Firstsource sent a collection letter, dated January 22, 2014, directly to Mr. Sandrew, which demanded payment of the American Express debt. A copy of this collection letter is attached as Exhibit E.

10. Accordingly, on February 27, 2014, one of Mr. Sandrew's LASPD attorneys had to write Defendant Firstsource again to demand that it cease communications and cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit F.

11. Defendant Firstsource's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Firstsource's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from

3

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Mr. Sandrew's, agent/attorney, LASPD, told Defendant Firstsource to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant Firstsource violated § 1692c(c) of the FDCPA.

16. Defendant Firstsource's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Firstsource knew that Mr. Sandrew was represented by counsel in connection with this debt because his attorneys at LASPD had informed Defendant, in writing (Exhibit D), that he was represented by counsel, and had directed Defendant Firstsource to cease directly communicating with him. By directly sending Mr. Sandrew the January 22, 2014 letter (Exhibit E), despite being advised that he was represented by counsel, Defendant Firstsource violated § 1692c(a)(2) of the FDCPA.

20. Defendant Firstsource's violation of § 1692c(a)(2) of the FDCPA renders it

liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Bernard Sandrew, prays that this Court:

1. Find that Defendant Firstsource's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Sandrew, and against Defendant Firstsource, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Bernard Sandrew, demands trial by jury.

Bernard Sandrew,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  April 24, 2014

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

5